# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

GARY MOAWAD                                                                          PLAINTIFF

v.                                                                                   No. 4:07CV199-M-S

MISSISSIPPI STATE PAROLE BOARD, ET AL.                                               DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Gary Moawad, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Moawad alleges that, despite this court's previous order requiring the removal of various documents from Moawad's parol file, the Mississippi State Parole Board has incorporated those documents into the parole file and considered them in reaching its decision to deny his request for parole. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

Gary Moawad was convicted on March 31, 1976, of murder for shooting his wife's stepfather with a .32 caliber handgun – and of aggravated assault for shooting his wife's mother in the face and striking his wife's brother in the face with the murder weapon. Moawad has been considered for parole many times, but the parole board has declined to grant Moawad's requests for parole. One of the victims, the son of Moawad's murder victim, had written to the parole board after being notified that Moawad was being considered for parole – and, in the letter, alleged that Moawad had contacted him from prison and threatened to kill the remaining

members of his ex-wife's family.  Moawad denied that he made such a threat.  This letter was nonetheless placed in Moawad's parole file, along with other documents to which Moawad objected.

Moawad filed suit in this court to have the objectionable documents removed from his parole file.  *Moawad v. Lucas, et al.*, GC 84-66-WK-O.  On January 28, 2987, this court entered an agreed order requiring the Mississippi Department of Corrections to remove the following documents from Moawad's institutional file:

> (1) Letter from Clay Baker to B. C. Ruth dated September 15, 1977,
>
> (2) Letter to Liberty Cash from Thomas McElroy dated April 29, 1977,
>
> (3) Memo from James Harris to Jim Abbott dated April 11, 1978,
>
> (4) Memo from Eddie Lucas dated November 25, 1980,
>
> (5) Incident report dated November 26, 1980 by Sergeant Jerry Upton,
>
> (6) Letter from Fred Childs to Eddie Lucas dated October 4, 1982, and
>
> (7) Letter from Robert L. Williams dated April 19, 1978.

The parties also agreed that two documents in Moawad's institutional file be altered:

> (1) The words "and alleged threatening phone calls" shall be deleted from the Staff request for classification dated August 1, 1979, and
>
> (2) The words, "on 11/25/80 inmate Gary Moawad made a threatening phone call to his brother and mother," and "since inmate Moawad threatened to escape" shall be deleted from the Staff Request for Classification dated December 1, 1980.

The parties also agreed that Moawad's psychological evaluation dated December 23, 1985, shall be entered in his institutional file.

Despite the language of the agreed order, the documents which should have been removed from Moawad's parole file found their way back into the file. Moawad filed another suit in this court to have those documents removed. *Moawad v. Childs*, 4:90CV172-S-O. The court entered another agreed order requiring the removal of the documents specified in the previous order – and the removal of several additional documents:

> (1) a three-page letter dated July 24, 1989, from the victim Willie Dean Tubbs to the Mississippi State Parole Board, including copies of two telephone bills attached to the letter,
>
> (2) a letter dated November 25, 1991, from the victim Mike Tubbs,
>
> (3) an undated letter from Mike Tubbs referring to the alleged threatening telephone call from Moawad, and
>
> (4) a November 28, 1994, Risk Assessment for Moawad prepared by Edna Bland dated October 21, 1992, and initialed by "SC."

The order also stated:

> The Defendant Parole Board is further hereby enjoined to require them to view the statements of elected officials in response to [Moawad's] request for parole with appropriate care and caution. The Court has considered the matter of alleged threats made by [Moawad] and finds the same to be allegations that are unproven. Due to the nature and source of these comments, there exists some question of their reliability. The Defendant Parole Board shall consider any statements of elected officials objecting to [Moawad's] release based upon the unproven allegations of threats with appropriate care and caution."

The defendants filed with the court notices of their compliance with the second agreed order.

Moawad believes that the defendants have again placed in his parole file the documents previously removed from the file under this court's orders. He bases this belief on the fact that the box entitled "Community Opposition" was checked on the document entitled "Action of the Parole Board" for one of his recently rejected applications for release on parole. The court has requested from the Mississippi Department of Corrections a certified copy of Moawad's parole

filed – and has reviewed the file.  The court did not find in the present file any of the documents previously removed pursuant to court order.  However, in numerous places throughout the file, letters from the victims' family, members of the community, and government officials voiced vigorous opposition to Moawad's release on parole.  Although some of these letters mentioned Moawad's alleged threats against the family of the victims, those letters were submitted *after* the court's orders requiring the removal of various letters from the file – and thus were not subject to those orders.

The court's order requiring the Mississippi Parole Board to use "appropriate care and caution" when considering mention of Moawad's alleged threats against his victims' family members does, however, remain in effect.  The decisions of the Parole Board and the contents of Moawad's parole file are consistent with the use of appropriate care and caution.  For these reasons, the plaintiff's claims are unfounded and shall be dismissed.  A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 23rd day of February, 2009.

/s/ MICHAEL P. MILLS  
**CHIEF JUDGE**  
**UNITED STATES DISTRICT COURT**  
**NORTHERN DISTRICT OF MISSISSIPPI**